**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LANDSTAR GLOBAL LOGISTICS, INC.,

        Plaintiff,

vs.                                          Case No. 3:09-cv-1163-J-32JRK

ANNEMARIE HASKINS, et. al.,

        Defendant.

**ORDER**

Plaintiff Landstar Global Logistics, Inc. ("Landstar") filed suit against its transportation agent, AC Logistics, Inc. ("AC") and Annemarie Haskins, the owner of AC, for allegedly inflating the amount of commissions due to AC and otherwise failing to perform under the parties' agency agreement. AC and Haskins have filed a counterclaim which alleges that, among other things, Landstar improperly withheld commissions owed to AC and improperly terminated AC as a Landstar agent. This case is before the Court on Defendants' Motion for Partial Summary Judgment (Doc. 69), Plaintiff's Renewed Motion for Partial Summary Judgment (Doc. 70), Plaintiff's Motion to Strike the Expert Report of Stanton L. Meltzer (Doc. 71), and Defendants' Motion to Exclude Testimony of C. Donald Wiggins (Doc. 72).[1]

The Court will need to hear evidence to decide this case. Thus, genuine issues of material fact prevent this Court from granting Defendants' Motion for Partial Summary Judgment (Doc. 69). Although the Court is skeptical about Count III of Landstar's Complaint

---

[1] Previously, the Court had suggested that, because this is a non-jury case, extensive summary judgment and *Daubert* practice might be unproductive. However, the parties apparently thought otherwise.

(the fraud count), because the fraud evidence will overlap with the evidence that will be presented for the other counts, the Court will reserve ruling until trial.

Plaintiff's Renewed Motion for Partial Summary Judgment (Doc. 70) is likewise due to be denied because of disputes regarding material facts. The Court is concerned about the viability of Counts VII (tortious interference) and IX (breach of the duty of good conduct) of the Counterclaim; however, because the evidence of each count of the Counterclaim will overlap, the Court will again reserve ruling until trial.

Moreover, the Court will defer ruling on Plaintiff's Motion to Strike the Expert Report of Stanton L. Meltzer (Doc. 71). Under Federal Rule of Evidence 702, district courts perform a "gatekeeping" role concerning the admission of expert testimony. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). "However, because this is a non-jury trial, the gatekeeping purpose of Daubert is not implicated." Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., 616 F. Supp.2d 1250 (M.D. Fla. 2009); see also United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005)("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."). The Court will thus allow Meltzer to testify and, after "[v]igorous cross-examination [and the] presentation of contrary evidence," Daubert, 509 U.S. at 596, determine whether to consider his testimony. See In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) ( "[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."); Johnson & Johnson Vision Care, 616 F. Supp.2d at 1256 ("Indeed, in the context of a non-jury trial, the district court may allow challenged expert

testimony to be presented and then later determine issues of admissibility and reliability.").

While Dr. Wiggins' "rebuttal" report raises some additional issues concerning timing and disclosure, the Court will also defer ruling on Defendants' Motion to Exclude Testimony of C. Donald Wiggins (Doc. 72) until trial.  In the meantime, the Court authorizes defendants to take Wiggins' deposition. Moreover, Dr. Wiggins can be cross-examined at trial as to how his analysis differs from that provided by Landstar in its previous answers to damages interrogatories.  Finally, the Court will permit defendants' expert, Meltzer, to testify at trial regarding any flaws he sees in Dr. Wiggins' methodology or conclusions.

To prepare for trial, rather than the parties providing traditional trial briefs, the Court will require the parties to file proposed findings of fact and conclusions of law based on what they expect the evidence will be at trial and the law to be applied to that evidence.  The proposed findings of fact and conclusions of law should be submitted in a form the parties would expect the Court to adopt.  The Court will read these proposed findings of fact and conclusions of law (in addition to the pretrial statement) before the pretrial conference set for September 21, 2011, at 10:00 a.m.

Accordingly, it is hereby

**ORDERED**:

1.	Defendants' Motion for Partial Summary Judgment (Doc. 69) is **DENIED**.

2.	Plaintiff's Renewed Motion for Partial Summary Judgment (Doc. 70) is **DENIED**.

3.	Although the Court is denying Plaintiff's Renewed Motion for Partial Summary Judgment (Doc. 70), defendants have previously stated that they will voluntarily dismiss

Counts VIII, X, and XI of the Counterclaim, but have not done so. No later than **August 22, 2011**, defendants should file the appropriate motions to dismiss those counts.

3. Plaintiff's Motion to Strike the Expert Report of Stanton L. Meltzer (Doc. 71) is **DEFERRED**.

4. Defendants' Motion to Exclude Testimony of C. Donald Wiggins (Doc. 72) is **DEFERRED**.

5. Defendants' Motion to File a Reply to Plaintiff's Response in Opposition to Defendant's Motion to Exclude Testimony of C. Donald Wiggins (Doc. 85) is **DENIED**.

6. The parties shall each submit proposed findings of fact and conclusions of law of no more than 30 pages (no footnotes), along with the joint pretrial statement, no later than **September 14, 2011**.

7. Pursuant to the Court's April 5, 2011 Order (Doc. 66), the parties were required to conduct mediation by June 16, 2011. No later than **August 22, 2011**, the parties should advise the Court of the status of mediation.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of August, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record